50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William DAAS, d/b/a WDAAS or W.D. and Associates, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 94-3240.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 Before: KENNEDY and DAUGHTREY, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff, William Daas, appeals to this court from a grant of summary judgment in favor of the defendant, the United States Postal Service. Daas had filed suit against the Postal Service seeking an injunction compelling the Postal Service "to desist from refusing to deliver mail or postal money orders" to him. On appeal, Daas now alleges that information supporting administrative penalties imposed upon him was seized in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. He also contends that we should take judicial notice of an affidavit not included in the court record but appended to his appellate brief. Finding that the Fourth Amendment issue is not properly before this court and that the information in the affidavit is not subject to judicial notice, we affirm the judgment of the district court.
 
 
 2
 In 1989, the Postal Service targeted Daas as the operator of a fraudulent "work-at-home scheme" illegally using the United States mail. Eventually, Daas and the Postal Service entered into a settlement agreement pursuant to which Daas agreed to cease and desist from making fraudulent representations concerning the ease with which participants in his envelope-stuffing advertising campaigns could earn large sums of money. Nevertheless, the Postal Service later filed two administrative complaints against Daas alleging that he had violated the agreement by continuing to make fraudulent representations in solicitations sent through the mails. The second complaint resulted in a determination by a judicial officer of the Postal Service that such fraud had in fact occurred. An administrative order then issued, directing the Postal Service to hold all mail sent to Daas and to deny payment to the plaintiff of any postal money order. The district court affirmed the administrative decision after concluding that it was supported by substantial evidence and was neither arbitrary nor capricious.
 
 
 3
 In his primary issue on appeal, Daas alleges that information that allowed the Postal Service to conclude that he was in violation of the terms of the settlement agreement was obtained only when two pieces of mail sent by the plaintiff were opened by a postal employee in violation of the dictates of the Fourth Amendment to the United States Constitution. The plaintiff concedes, however, that he failed to raise this allegation before the district court. As we have previously held, even constitutional objections that appear for the first time on appeal are conclusively deemed to be waived, with the effect that the appellate court is deprived of jurisdiction to resolve the issue. United States v. Crismon, 905 F.2d 966, 969 (6th Cir.1990); United States v. Oldfield, 859 F.2d 392, 296 (6th Cir.1988).
 
 
 4
 Daas also attempts to provide us with sufficient facts to determine the legitimacy of his contention by appending to his appellate brief an affidavit of an United States postal inspector involved in the investigation of the plaintiff. That affidavit, however, was not included in the record certified by the district court. We will not consider documents and other evidence in briefs that are not in the appellate record as defined by Fed.R.App.P. 10(a). United States v. Bond, 12 F.3d 540, 552 (6th Cir.1993); United States v. Allen, 522 F.2d 1229, 1235 (6th Cir.1975), cert. denied, 423 U.S. 1072 (1976).
 
 
 5
 We also decline to adopt Daas's suggestion that we take judicial notice of the facts contained in the affidavit. Pursuant to the provisions of Fed.R.Evid. 201(b), judicial notice of facts is proper when the facts are "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The information contained in the affidavit appended to Daas's brief does not fall within either of these categories.
 
 
 6
 The Fourth Amendment issue raised on appeal by Daas is not properly before this court. Moreover, we may not take judicial notice of facts not contained in the record that are subject to varying interpretations and dispute by the parties. The judgment of the district court is, therefore, AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation